**LAW OFFICES OF MANN & ELIAS**
Imad Y. Elias (SBN 163655)
*imad@mannelias.com*
8383 Wilshire Blvd, Suite 750
Beverly Hills, CA 90211
Telephone: (323) 857-9500
Facsimile: (323) 857-9525

Attorneys for Plaintiff
RAHEL CAMPBELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAHEL CAMPBELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED and DOES 1 TO 100, INCLUSIVE<br><br>Defendants. | Case No. 2:26-cv-07176- FLA-RAO<br><br>**DECLARATION OF RAHEL CAMPBELL IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT INFOSYS LIMITED'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS**<br><br>Date: August 21, 2026<br>Time: 1:30 p.m.<br>Courtroom: 6B |

//

//

//

# DECLARATION OF RAHEL CAMPBELL

I, Rahel Campbell, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently to them.

2. In approximately November 2018, I applied for employment with Infosys after learning about the position through LinkedIn. I submitted my application online and later communicated with Infosys representatives by telephone and email. Infosys eventually offered me employment.

3. My hiring occurred in two stages. First, I accessed Infosys' online Candidate Portal from my home and electronically accepted Infosys' Offer Letter. The only document I recall electronically accepting through the Candidate Portal and still have a physical copy of is the Offer Letter.

4. No Infosys representative was present when I used the Candidate Portal or available to explain what the portal displayed. No one told me any of the information displayed in the portal would constitute acceptance or execution of a separate Mutual Arbitration Agreement. I had no opportunity to negotiate the Offer Letter's terms.

5. Approximately one week later, I traveled to Rhode Island for an in-person onboarding and orientation program with other newly hired employees. I distinctly recall physically signing documents concerning company equipment, training, and other orientation matters. I also distinctly recall repeated statements that my employment was "at-will." I do not recall anyone mentioning arbitration, presenting an arbitration agreement, or explaining that I would be giving up my right to have employment disputes decided in court before a judge or jury.

6. I have no recollection or record of signing or executing the Mutual Arbitration Agreement attached as Exhibit C to the Declaration of Tarik West, either by hand or electronically. I did not type my name into Exhibit C, affix an electronic signature to it, or otherwise take any action intended to sign or execute it.

7. I have carefully reviewed Exhibit C. I do not recognize it. It does not look familiar, and reviewing it now does not refresh my recollection. I do not recall receiving, opening, viewing, or reading Exhibit C during the hiring process, the Rhode Island onboarding, or at any time thereafter while employed by Infosys.

8. Exhibit C contains no handwritten signature, typed name, electronic signature identifying me, or other mark or notation showing that I signed or executed it. I have no record of signing or executing Exhibit C.

9. In preparing this declaration, I reviewed my personal files concerning my employment with Infosys. They contain the Offer Letter that I downloaded from the Candidate Portal when I accepted the employment offer, as well as documents concerning completion of my Form I-9. They do not contain Exhibit C or any of the documents that the Offer Letter identifies as attachments, including the Mutual Arbitration Agreement.

10. I kept copies of documents concerning my employment offer and onboarding. The fact that I retained the Offer Letter and Form I-9 documents, but no arbitration agreement or other attachment, is consistent with my recollection that Exhibit C was not presented or provided to me. I also do not recall the Candidate Portal requiring me to open, scroll through, or separately acknowledge Exhibit C before I accepted the Offer Letter.

11. When I accepted employment in November 2018, I did not know Tarik West. He was not involved in my hiring or onboarding and did not observe my use of the Candidate Portal or my Rhode Island onboarding. I first became aware of Mr. West years later, after he joined Infosys.

12. I understand that Mr. West contends that, by accepting the Offer Letter, I agreed to arbitrate employment-related disputes. That does not match my recollection or understanding. I accepted the Offer Letter; I have no recollection or record of accepting or executing Exhibit C. I did not intend or understand that accepting the Offer Letter would constitute my acceptance or execution of a separate arbitration agreement,

and no one told me that it would.

13. Although nearly eight years have passed, I distinctly remember important aspects of the hiring process, including using the Candidate Portal, traveling to Rhode Island, physically signing onboarding documents, and repeatedly being told that my employment was at-will. I have no comparable recollection of arbitration ever being mentioned, shown, explained, opened, read, accepted, or signed. I have carefully considered the matter, and Exhibit C does not refresh my recollection.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6 day of August, 2026, at Inglewood, California.

Rahel Campbell

RAHEL CAMPBELL