FAEGRE DRINKER BIDDLE & REATH LLP
Leah S. Chrisbacher (SBN 352844)
leah.chrisbacher@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Susan P. Elgin (Admitted *Pro Hac Vice)*
susan.elgin@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: +1 515 248 9000
Facsimile: +1 515 248 9010

Attorneys for Defendant
INFOSYS LIMITED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RAHEL CAMPBELL,

Plaintiff,

v.

INFOSYS, LIMITED; ASHLEY ANDERSON, and DOES 1-100, inclusive,

Defendants.

Case No. 2:26-cv-07176

**DEFENDANT INFOSYS LIMITED'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY CLAIMS**

*[Declaration of Joanne Polanowski filed concurrently herewith]*

Complaint Filed: May 27, 2026
Date Removed: July 1, 2026

# I. INTRODUCTION

Plaintiff's opposition to Defendant Infosys Limited's ("Infosys") motion to compel arbitration is narrow. Plaintiff does not contend that the Mutual Arbitration Agreement is unconscionable, that it lacks consideration, or that her wage, retaliation, discrimination, wrongful-termination, and emotional-distress claims fall outside the Agreement's scope. Indeed, by failing to dispute these points, she concedes each of them.

Instead, Plaintiff raises a single argument: that Infosys cannot prove she signed the Mutual Arbitration Agreement. Plaintiff is wrong. Infosys has provided sufficient evidence—in the form of declarations from Tarik West, Joanne Polanowski, and attachments to those declarations—that Plaintiff accepted the Mutual Arbitration Agreement at the time she accepted her Offer of Employment.

Under the California Uniform Electronic Transactions Act and well-established contract principles, that evidence is sufficient to compel arbitration. The Court should grant the motion.

# II. ARGUMENT

## A. Plaintiff Does Not Dispute That the Mutual Arbitration Agreement is Enforceable and Applies to her Claims.

On a motion to compel arbitration, the Court asks two questions: (1) whether a valid agreement to arbitrate exists and (2) whether the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Plaintiff's opposition addresses only the first question—and only one narrow slice of it (formation of an agreement). She raises no challenge to the second question.

Plaintiff does not argue that the Mutual Arbitration Agreement is unconscionable, procedurally or substantively. She does not contend that it lacks consideration. She does not invoke any statutory non-waiver provision. And she

does not dispute that the Agreement's broad coverage clause—which expressly encompasses claims for "non-payment or incorrect payment of wages," "wrongful termination, violation of public policy," "infliction of emotional distress," and "discrimination, harassment, or retaliation under federal, state, or municipal statutes"—reaches every one of her six causes of action. (Ex. C, Mutual Arbitration Agreement, at pp. 1–2). Because Plaintiff has not raised these issues in her resistance, they are waived. *See Pinkevich v. Thor Motor Coach, Inc.*, No. 2:22-cv-05985-ODW, 2022 WL 19333282, at *2 (C.D. Cal. Nov. 16, 2022) ("By failing to raise these arguments in opposition, [Plaintiff] has waived them"). Accordingly, the sole remaining question is whether Infosys can show that Plaintiff agreed to the Mutual Arbitration Agreement. It can.

### B. Plaintiff Received the Mutual Arbitration Agreement at the Same Time She Received Her Offer Letter.

Plaintiff claims that she does "not recall receiving, opening, viewing or reading" the Mutual Arbitration Agreement "during the hiring process." (ECF 17-1, at ¶ 7). However, the facts and supporting evidence outlined herein and in Infosys' Motion to Compel prove the contrary to be true.

Infosys uses a Candidate Portal to send and maintain records regarding candidate offer letters, their attachments, and a candidate's acceptance of an offer. (Ex. E, Declaration of Joanne Polanowski "Polanowski Decl.")). Candidates applying for a position at Infosys must use the Candidate Portal to submit an application and to review communications from Infosys regarding their application, including any offer of employment. (*Id.*). To access the Candidate Portal, candidates must have a username—typically their personal email address—and create a password. (*Id.*). Here, Plaintiff's password recovery security question was "What is your mother's maiden name?" to which she answered "gebi." (*Id.*; Exhibit F).

The Candidate Portal for Plaintiff's profile shows that Infosys posted a document packet containing Plaintiff's Offer Letter and several attachments, including the applicable Mutual Arbitration Agreement, to the Candidate Portal for Plaintiff's review. (*Id.*). The Candidate Portal also shows that an email was sent to Plaintiff's personal email address notifying her that her Offer Letter had been posted to the portal and outlining the steps she needed to take to review and accept the offer. (*Id.*; Exhibit G). The email address to which this notification was sent was Plaintiff's personal email address, rahelcgebi@gmail.com. (*Id.*). Plaintiff does not deny that is her personal email address or allege that anyone besides her had access to it.

The Offer Letter explicitly stated that Plaintiff's employment with Infosys was contingent upon Plaintiff's reading, understanding, and accepting the Mutual Arbitration Agreement, which was posted to and available on the portal at the same time as the Offer Letter. (ECF 7-1 at 16).

Plaintiff's opposition brief and declaration conspicuously fail to deny outright that she received the Mutual Arbitration Agreement. Rather, Plaintiff simply states that she does not "recall" it. (ECF 17-1, at ¶ 7). In other words, Plaintiff understandably does not remember something that occurred nearly eight years ago. Courts have found this unpersuasive, and the Court here should not give it any weight. *See Trujillo v. Motts LLP*, No. CV 22-5103 JGB (KKx), 2023 WL 6194054, at *3 n.1 (C.D. Cal. Jan. 4, 2023) ("The Court has no reason to disbelieve Plaintiff that he does not remember signing specific documents in 2018; it might be more surprising if he did have a vivid memory of the tedious act of signing a piece of paper four years ago. But this is also immaterial to the legal questions at hand"); *Muhammad v. Dollar Tree*, No. 18-c-04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020) (stating that "where a plaintiff testifies he or she does not remember

receiving or executing an arbitration agreement" is generally "insufficient to create a genuine dispute of fact").

Accordingly, although Plaintiff may now claim that she does not recall reading the Mutual Arbitration Agreement, there is no meaningful dispute that Plaintiff received the Mutual Arbitration Agreement before she commenced employment with Infosys.

**C. Plaintiff Accepted of the Mutual Arbitration Agreement.**

Plaintiff next argues that she did not accept the Mutual Arbitration Agreement. Again, the facts and supporting evidence outlined herein and in Infosys' Motion to Compel prove the contrary. Plaintiff's argument rests on a single false legal premise: that an electronic signature can be authenticated only by producing IP addresses, unique login credentials, audit trails, or DocuSign envelopes. Pl.'s Br. at pp. 5–9. California law imposes no such requirement.

"Under the California Uniform Electronic Transactions Act ('UETA'), an electronic signature is attributable to a person if 'it was the act of the person.'" *Mejia v. Dick's Sporting Goods, Inc.*, No. 2:25-cv-11645-JFW-MAAx, 2026 WL 796910, at *3 (C.D. Cal. Mar 18, 2026) (quoting Cal. Civ. Code § 1633.9(a)). A proponent can show that a signature was "the act of the person" in any manner, including through the use of circumstantial evidence. *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 843 (2014). Accordingly, the burden of authenticating an electronic signature is "not a difficult evidentiary burden" to satisfy. *Id.* at 844.

While parties are free to authenticate electronic signatures in any way they prefer, this Court has consistently ruled that "[t]he moving party meets [their] burden by submitting a declaration detailing the use of an applicant's unique username and password, as well as the steps the applicant would have to take to place their name on the agreement." *Mejia*, 2026 WL 796910, at *3.

This Court has blessed this method in several recent cases. In *Sancheez v. Express Services, Inc.*, No. CV 25-05549-DMG (KSx), 2025 WL 3764069, at *3 (C.D. Cal. Dec. 17, 2025), the Court held that a proponent authenticated an electronic signature by providing a declaration that "provide[d] a near step-by-step overview of the process and how the links and pages require and confirm digital signatures." In *Mejia v. Dick's Sporting Goods, Inc.*, 2026 WL 796910, at *3, the Court found an electronic signature was authenticated where a declaration "explain[ed] that all applicants (including Plaintiff) underwent the same application process wherein they had to create an account using a unique login and password that the applicant creates, known only to the applicant" and "that Plaintiff used her unique username and password to log into Taleo to complete her employment application."

Infosys's evidence satisfies this standard.[1] The email that Infosys sent to Plaintiff on November 7, 2018, notifying her that her Offer Letter and its attachments had been posted to the Candidate Portal, instructed Plaintiff how she was to accept the offer. (Ex. E, Polanowski Decl.; Exhibit G). Plaintiff undeniably accepted her offer of employment from Infosys by clicking the button next to the statement "I have read, understand and accept all the terms and conditions contained in this offer letter and attached annexures" on the Candidate Portal on November 7, 2018 at 3:23 p.m. (ECF 7-1, 27).

This type of digital acceptance is unquestionably a legally binding method of accepting an agreement. *See Addepalli v. Infosys Ltd.*, Case No. 1:24-cv-12933 (N.D. Ill. Aug. 15, 2025) (granting motion to compel arbitration in case with indistinguishable facts where the plaintiff claimed to not remember reviewing the arbitration agreement); *see also Shahin v. J & L Acquisitions, LLC*, No. CIV-24-414-R, 2024 WL 4804080, at *3 (W.D. Okla. Nov. 15, 2024) (employee's

[1] Infosys is entitled to submit rebuttal evidence alongside its reply brief pursuant to Local Rule 7-10.

electronic signature to group of documents including employment agreement and arbitration agreement established valid assent and execution of each agreement within the group of documents); *Williams v. Kemper Corp.*, 608 F. Supp. 3d 708, 714 (S.D. Ill. 2022) (finding employee agreed to arbitration when employer "provided evidence of the Acknowledge Statement portion of [a training] module [related to arbitration], which instructed the employee to click 'I Agree' to electronically acknowledge his or her agreement to arbitrate."); *Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. ED CV 16-1953-DMG (KKx), 2020 WL 6528422, at *3 (C.D. Cal. Oct. 20, 2020) ("clickwrap agreements have been consistently upheld by the courts and used to compel arbitration"); *Holley v. Bitesquad.com LLC*, 416 F. Supp. 3d 809, 823 (E.D. Ark. 2019) (employee's digital affixation of an signature in response to a hiring packet containing an arbitration agreement indicated that employee signed and agreed to be bound by arbitration agreement); *Strain v. Murphy Oil USA, Inc.*, No. 6:15-CV-3246-MDH, 2016 WL 540810, at *3 (W.D. Mo. Feb. 9, 2016).

Accordingly, Infosys has provided evidence that is more than sufficient to authenticate Plaintiff's acceptance of the Mutual Arbitration Agreement. Therefore, this motion is straightforward. Plaintiff accepted the Mutual Arbitration Agreement before she started working at Infosys. Plaintiff does not dispute that her present claims fall within the scope of that Mutual Arbitration Agreement. Therefore, Plaintiff is required to submit these claims to Arbitration.

**C. Plaintiff's Remaining Arguments are Unpersuasive.**

In an effort to avoid enforcement of the Mutual Arbitration Agreement she agreed to, Plaintiff lodges several technical complaints with Infosys's papers. First, Plaintiff argues that Infosys has not provided sufficient evidence that the "Attachment 2: Mutual Arbitration Agreement" listed in her Offer Letter is the "Attachment 2: Mutual Arbitration Agreement" provided by Infosys in Exhibit C.

The declaration provided by Joanne Polanowski confirms that Exhibit C is indeed the agreement provided to Plaintiff. (Ex. E, Polanowski Decl.)

Additionally, Plaintiff urges this Court to disregard the declaration of Tarik West on the sole basis that he "was not even employed by Defendant at the time Ms. Campbell allegedly signed the Mutual Arbitration Agreement." Pl.'s Br. at p. 8. Plaintiff's attack is unpersuasive. West never claims to have first-hand knowledge of Plaintiff's hiring process. However, as a Senior Vice President of People, Mr. West does have first-hand knowledge of Infosys' general hiring practices and maintenance of employment files. To this end, West was able to authenticate Plaintiff's personnel file and explain what all prospective employees see when logging into their Candidate Portal. (Ex. A, West Decl. ¶¶ 2, 9.) He also has specific knowledge of the Mutual Arbitration Agreement, which "every applicant" is required to sign. (Ex. A, West Decl. ¶ 8.) West did not have to have been employed with Infosys at the time Plaintiff was hired to provide information about Infosys's historical practices.

Regardless, Infosys provides this Court with a declaration from Joanne Polanowski, a Senior Practice Lead for Talent Acquisition at Infosys who has worked at the company since 2012. Polanowski can and has—through her declaration—authenticated all the documents the Court needs to grant Infosys' motion to compel arbitration.

## III. CONCLUSION

Plaintiff's only argument resisting Infosys's motion is an argument that she cannot recall accepting the Mutual Arbitration Agreement. As described above, her argument is without merit. Accordingly, Infosys asks the Court to enter an order staying this case and compelling Plaintiff to arbitration. *See Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) ("When a district court finds that a lawsuit involves an

arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.”).

Dated: August 13, 2026.

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Leah S. Chrisbacher*
Leah S. Chrisbacher
Susan P. Elgin (*Pro Hac Vice*)

Attorneys for Defendant Infosys Limited

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on August 13, 2026 via ECF Notification.

*/s/ Leah S. Chrisbacher*
LEAH S. CHRISBACHER