**LAW OFFICES OF MANN & ELIAS**
Imad Y. Elias (SBN 163655)
*imad@mannelias.com*
8383 Wilshire Blvd, Suite 750
Beverly Hills, CA 90211
Telephone: (323) 857-9500
Facsimile: (323) 857-9525

Attorneys for Plaintiff
RAHEL CAMPBELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHEL CAMPBELL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS LIMITED and DOES 1 TO 100, INCLUSIVE<br><br>Defendants. | Case No. 2:26-cv-07176- FLA-RAO<br><br>**PLAINTIFF'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH DEFENDANT'S REPLY; ALTERNATIVE REQUEST FOR LEAVE TO FILE SURREPLY**<br><br>Date: August 21, 2026<br>Time: 1:30 p.m.<br>Courtroom: 6B |

Plaintiff RAHEL CAMPBELL herein submits her Objections to New Evidence Submitted with Defendant's Reply and Alternative Request for Leave to File Surreply.

**I. Introduction.**

Plaintiff Rahel Campbell respectfully objects to Defendant Infosys Limited's submission of the Declaration of Joanne Polanowski and Exhibits F through H for the

first time with its Reply. Although Local Rule 7-10 permits a moving party to submit "declarations or other rebuttal evidence" with a reply, it does not permit a movant to withhold evidence necessary to satisfy its initial burden and then use its reply to cure deficiencies exposed by the opposition. That is precisely what occurred here.

Rather than establish foundational facts in its moving papers, Defendant waited until its Reply to submit an entirely new declaration from Ms. Polanowski—a witness who has worked for Defendant since 2012 and who Defendant now claims has personal knowledge of the talent-acquisition procedures in effect when Plaintiff was hired. Ms. Polanowski also supplies three new exhibits concerning Plaintiff's Candidate Portal and, for the first time, purports to establish that Exhibit C was maintained in Plaintiff's personnel file and Candidate Portal and was the arbitration agreement allegedly presented to Plaintiff.

This is not merely rebuttal evidence. It is evidence directed to Defendant's initial burden to establish the existence of an agreement to arbitrate. The Court should therefore decline to consider the Polanowski Declaration and Exhibits F through H. Alternatively, if the Court is inclined to consider Defendant's new evidence, fundamental fairness and Ninth Circuit authority require that Plaintiff be afforded an opportunity to respond.

## II. The Polanowski Declaration Is New Evidence Offered to Cure Deficiencies in Defendant's Initial Showing, Not Merely Rebuttal Evidence.

Local Rule 7-10 permits a moving party to file with its reply "declarations or other rebuttal evidence." C.D. Cal. L.R. 7-10. The Rule does not authorize a moving party to reserve evidence necessary to satisfy its initial burden until after the opposing party identifies deficiencies in the moving papers. Indeed, courts have distinguished permissible rebuttal evidence from new evidence that was available to the moving party before its motion was filed. See *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199, at *4 (C.D. Cal. Nov. 4, 2015) (declining to consider evidence submitted for the first time on reply because Local Rule 7-10 permits

"only 'rebuttal evidence'" and the evidence was available to the movant before the motion was filed).

Defendant's Reply acknowledges that the Polanowski Declaration supplies evidence necessary to establish the very matters challenged in Plaintiff's Opposition. Defendant states that Ms. Polanowski "can and has—through her declaration—authenticated all the documents the Court needs to grant Infosys' motion to compel arbitration." (Reply at 8.) That concession demonstrates the problem. Evidence needed to authenticate the documents upon which Defendant's Motion depends belongs in Defendant's moving papers, where Plaintiff has an opportunity to respond—not for the first time on reply.

The new declaration addresses virtually every evidentiary deficiency Plaintiff identified. Plaintiff challenged Mr. West's competence to testify concerning Defendant's practices in 2018 because he was not employed by Defendant at that time. Ms. Polanowski now declares that she has worked for Defendant since 2012 and is familiar with the talent-acquisition processes in place when Plaintiff received her offer in November 2018. (Polanowski Decl. ¶¶ 2-3.)

Plaintiff challenged Defendant's failure to explain how the Candidate Portal operated or what procedures purportedly tied any electronic activity to Plaintiff. Ms. Polanowski now provides new testimony concerning usernames, passwords, Plaintiff's personal email address, and her password-recovery security question. (Id. ¶¶ 5-7.)

Plaintiff challenged Defendant's failure to establish that the purported Mutual Arbitration Agreement was actually presented to Plaintiff. Ms. Polanowski now declares that when Plaintiff accessed the Candidate Portal, "she saw" a Document Packet Information page identifying the Mutual Arbitration Agreement as an attached file and attaches a new Exhibit H purporting to depict that page. (Id. ¶ 9.)

Most significantly, Plaintiff challenged Mr. West's failure to establish that Exhibit C was retrieved from Plaintiff's personnel file or was the agreement allegedly presented to her in 2018. Ms. Polanowski now declares for the first time that Exhibit

C is a true and correct copy of Plaintiff's Mutual Arbitration Agreement "as maintained in Infosys's ordinary course of business in Plaintiff's personnel file and in her Candidate Portal." (Id. ¶ 13.)

These are not peripheral facts offered merely to rebut unexpected evidence presented by Plaintiff. They concern the authenticity of the alleged arbitration agreement and whether Plaintiff assented to it: the very issues upon which Defendant bore the burden in the first instance. Nor could Defendant contend that this evidence was previously unavailable. Ms. Polanowski states that she has worked for Defendant since 2012 and has access to Plaintiff's personnel file and knowledge of the relevant procedures. (Id. ¶¶ 2-4.)

Defendant was required to establish the existence of an agreement to arbitrate in its Motion. It should not be permitted to make an inadequate initial showing, learn through Plaintiff's Opposition precisely what evidence is missing, and then supply a new witness and new exhibits addressing those deficiencies when Plaintiff has no automatic right to respond. The Court should therefore decline to consider the Polanowski Declaration and Exhibits F through H.

## III. Alternatively, Plaintiff Requests the Opportunity to Respond to Defendant's New Evidence.

If the Court is inclined to consider the Polanowski Declaration and accompanying exhibits, Plaintiff respectfully requests leave to file a short surreply addressing that evidence. The Ninth Circuit has held that "where new evidence is presented in a reply," a district court should not consider that evidence without affording the opposing party an opportunity to respond. *Provenz v. Miller* (9th Cir. 1996) 102 F.3d 1478, 1483. The Ninth Circuit explained that considering new reply evidence without providing the opposing party an opportunity to address it is unfair. *Id.* Courts applying *Provenz* accordingly permit a surreply or other response where a reply introduces new evidence. See, e.g., *Dutta v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2018) 895 F.3d 1166, 1172.

That opportunity is particularly important here because Local Rule 7-10 expressly provides that, absent prior written order, Plaintiff may not respond to Defendant's Reply. C.D. Cal. L.R. 7-10. Thus, Defendant has submitted a new witness, three new exhibits, and new foundational testimony on the dispositive issue of contract formation at a procedural stage at which Plaintiff cannot respond without leave of Court.

Moreover, the new evidence does not conclusively establish assent. For example, Ms. Polanowski declares that Plaintiff "saw" the Document Packet Information page and "accessed" the Offer of Employment "and its attachments, including the Mutual Arbitration Agreement." (Polanowski Decl. ¶¶ 9, 12.) Yet the records submitted with her declaration do not appear to establish that Plaintiff opened, viewed, electronically signed, or separately accepted Exhibit C. Exhibit H identifies the Mutual Arbitration Agreement as one of several files associated with the packet, but Defendant has submitted no corresponding record showing Plaintiff opened that particular document. The distinction is material given Plaintiff's sworn declaration concerning what she recalls reviewing and accepting during the hiring process.

Similarly, Defendant relies heavily upon evidence that Plaintiff clicked a button accepting the Offer Letter and "attached annexures." (Reply at 6.) But Defendant seeks to enforce Exhibit C as a separate Mutual Arbitration Agreement, and Plaintiff disputes that she ever signed, reviewed, or accepted that agreement. Plaintiff should be permitted to address whether Defendant's newly submitted records actually establish acceptance of Exhibit C, rather than merely acceptance of the Offer Letter.

Accordingly, if the Court considers the Polanowski Declaration or Exhibits F through H, Plaintiff respectfully requests leave to file a surreply not exceeding five pages addressing only Defendant's newly submitted evidence. See *Provenz*, 102 F.3d at 1483.

## IV. Conclusion.

Plaintiff respectfully requests that the Court disregard the Declaration of Joanne

Polanowski and Exhibits F through H. Alternatively, if the Court intends to consider that evidence, Plaintiff requests leave to file a surreply of no more than five pages so that she may respond to Defendant's new witness, exhibits, and foundational assertions before the Court determines whether Defendant has carried its burden of establishing the existence of an agreement to arbitrate.

DATED: August 17, 2026

**LAW OFFICES OF MANN & ELIAS**

By: ______________________________
IMAD Y. ELIAS
Attorneys for Plaintiff
RAHEL CAMPBELL

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 8383 Wilshire Blvd, Suite 750, Beverly Hills, CA 90211.

On August 17, 2026, I served the foregoing document described as **PLAINTIFF'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH DEFENDANT'S REPLY; ALTERNATIVE REQUEST FOR LEAVE TO FILE SURREPLY** the interested parties in this action ☐ by placing a true copy thereof enclosed in a sealed envelope addressed as follows, ☒ by transmitting a .pdf file thereof to the following email addresses:

| | |
|---|---|
| FAEGRE DRINKER BIDDLE & REATH LLP<br>Leah S. Chrisbacher, Esq.<br>*Leah.chrisbacker@faegredrinker.com*<br>1800 Century Park East, Ste. 7500<br>Los Angeles, CA 90067<br>T: 310-203-4000 | Attorneys for Defendants INFOSYS LIMITED |

☐ BY U.S. MAIL. I deposited the sealed envelopes with the United States Postal Service, with the postage fully pre-paid.

☒ BY EMAIL. I caused a copy of such document to be transmitted electronically to the individuals identified above at the email addresses set forth above.

☐ BY OVERNIGHT COURIER. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier, with delivery fees pre-paid.

☒ STATE. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 17, 2026, at Los Angeles, California.

Judith N. Balandran

Judith N. Balandran