FAEGRE DRINKER BIDDLE & REATH LLP
Leah S. Chrisbacher (SBN 352844)
leah.chrisbacher@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Susan P. Elgin (Admitted *Pro Hac Vice)*
susan.elgin@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8003
Telephone: +1 515 248 9000
Facsimile: +1 515 248 9010

Attorneys for Defendant
INFOSYS LIMITED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RAHEL CAMPBELL,

Plaintiff,

v.

INFOSYS, LIMITED; ASHLEY ANDERSON, and DOES 1-100, inclusive,

Defendants.

Case No. 2:26-cv-07176

**DEFENDANT INFOSYS LIMITED'S RESISTANCE TO PLAINTIFF'S OBJECTION TO NEW EVIDENCE SUBMITTED WITH DEFENDANT'S REPLY; ALTERNATIVE REQUEST FOR LEAVE TO FILE SUR-REPLY**

Complaint Filed: May 27, 2026
Date Removed: July 1, 2026

## I. INTRODUCTION

In her opposition to Infosys Limited's ("Infosys") motion to compel arbitration, Plaintiff attacked the authenticity of the Mutual Arbitration Agreement and challenged the personal knowledge of Infosys's declarant, Tarik West. Infosys responded the way any movant would: it submitted a declaration from Joanne Polanowski—a long-tenured Infosys employee with direct, personal knowledge of the company's hiring and onboarding systems—along with supporting screenshots from Plaintiff's own Candidate Portal. That evidence directly rebutted Plaintiff's arguments, which is expressly authorized by Local Rule 7-10.

Now Plaintiff objects—not because the evidence is irrelevant or unreliable, but because she simply does not want the Court to see it. She asks this Court to either strike the evidence or grant her leave to file a sur-reply. Neither request is grounded in law. Infosys's evidence is permissible rebuttal pursuant to this Court's Local Rules, and a sur-reply is expressly prohibited by those same Local Rules. The Court should overrule Plaintiff's objections and deny Plaintiff's request to file a sur-reply.

## II. ARGUMENT

### A. INFOSYS SUBMITTED PERMISSIBLE REBUTTAL EVIDENCE PURSUANT TO LOCAL RULE 7-10.

Infosys's reply evidence is classic rebuttal evidence that falls squarely within the scope of Local Rule 7-10. Plaintiff does not dispute that Local Rule 7-10 permits a party to file "declarations or other rebuttal evidence" with its reply. Instead, Plaintiff tries to recast the declaration and screenshots submitted by Infosys as something entirely different. But a review of Plaintiff's original moving papers alongside Infosys's reply papers makes clear that Plaintiff's position is without merit.

"The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." *Huawei Techs., Co., Ltd. v. Samsung Elecs. Co., Ltd.*, 340 F. Supp. 3d 934, 996 (N.D. Cal. 2018) (quoting

*Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *1 (N.D. Cal. Aug. 15, 2016)). Therefore, evidence is "rebuttal evidence" when it is offered "to rebut arguments raised by Plaintiffs in the Opposition." *Maren Equip. Leasing v. DHL Express, USA*, No. CV 12-08244 BRO (VBKx), 2013 WL 12121304, at *2 (C.D. Cal. Oct. 22, 2013). Here, the evidence submitted by Infosys on reply is just that: evidence that responds to the arguments and evidence submitted by Plaintiff. Indeed, the Polanowski declaration makes three key points, each of which directly responds to an argument advanced by Plaintiff.

First, Polanowski testified in her declaration that the Mutual Arbitration Agreement provided to this Court by Infosys is in fact the same Mutual Arbitration Agreement signed by Plaintiff. (Ex. E ¶¶ 7–10). This piece of evidence directly rebuts Plaintiff's suggestion that the Mutual Arbitration Agreement provided to this Court by Infosys was not the Mutual Arbitration Agreement she received upon joining Infosys. (ECF No. 17 pp. 7–8).

Second, Polanowski testified that "To access the Candidate Portal, candidates have a username (their personal email address) and they create a password." (Ex. E ¶ 6). Polanowski further stated that the only way to sign the Mutual Arbitration Agreement is through the Candidate Portal. (Ex. E ¶ 7). These statements directly confronted Plaintiff's argument that her electronic signature was invalid, in part, because she did not use "a unique username and password" to sign the agreement. (ECF No. 17 p. 13). But as Polanowski has now made clear, Plaintiff did use a unique username and password to accept the Mutual Arbitration Agreement.

Finally, Plaintiff argued that Tarik West could not authenticate the controlling documents purely because West's employment began after Plaintiff's. (ECF No. 17 pp. 8–9). But West's declaration was based on his personal knowledge of Infosys's employment practices which he explicitly stated in his declaration. Nevertheless, Infosys provided Polanowski's declaration to directly rebut Plaintiff's attack of West.

Since Polanowski has worked at Infosys since before Plaintiff's employment began, there can be no doubt about Polanowski's personal knowledge. (Ex. E ¶¶ 2-3).

Therefore, the Polanowski declaration and accompanying exhibits are classic rebuttal evidence and expressly permitted by Local Rule 7-10. Indeed, this Court has repeatedly permitted a moving party to submit similar evidence on reply pursuant to Local Rule 7-10. *See Moran v. Charter Comms., Inc.*, No. SACV 20-00303JVS(JDEx), 2020 WL 5833640, at *4 (C.D. Cal. June 11, 2020) (holding defendant's evidence submitted on reply was proper rebuttal evidence where it was "responsive to the arguments made in the opposition"); *Mejia v. DHL Express (USA), Inc.*, No. CV 15–890–GHK (JCx), 2016 WL 9450680, at *3 (C.D. Cal. Feb. 25, 2016) (denying defendant's motion to strike rebuttal evidence where "[e]ach of the declarations and exhibits is responsive to arguments made in Defendant's Opposition"). Plaintiff's objections should be overruled.

**B. PLAINTIFF IS NOT ENTITLED TO A SUR-REPLY.**

In the alternative, Plaintiff requests permission to file a sur-reply to Infosys' reply brief. But Local Rule 7-10 conspicuously does not allow Plaintiff to file such a brief on the sole basis that Infosys submitted rebuttal evidence. In fact, it provides the exact opposite: "Absent prior written order of the Court, the opposing party *shall not file a response to the reply*." L.R. 7-10 (emphasis added). And "Courts in this district have held that a sur-reply is improper 'when a reply neither presents new arguments nor new evidence.'" *Sound of Color, LLC v. Smith*, No. 2:22-cv-01508-WLH-AS, 2023 WL 5667573, at *1 (C.D. Cal. July 11, 2023).

This case is similar to *Sound of Color*, 2023 WL 5667573. There, the plaintiff sought permission from the court to file a sur-reply to respond to defendants' reply in support of its motion for summary judgment. *Id.* at *1. Plaintiff argued a sur-reply was warranted because, in its words, the defendants "ma[d]e new arguments attacking the evidence Plaintiff submitted in support of its selection and arrangement

theory." *Id.* (alteration in original). This Court rejected the plaintiff's conclusory argument, explaining that the defendants' "arguments were not 'new' however, but rather arguments responding directly to evidence and arguments raised in the opposition." *Id.*

The same is true here. Nothing Infosys submitted was "new." Instead, the evidence narrowly responds to the arguments and evidence advanced by Plaintiff in her resistance. That is exactly the type of evidence permitted by Local Rule 7-10 and it is exactly the type of evidence that does not entitle Plaintiff to a sur-reply. Plaintiff's request to file a sur-reply should be denied.

## III. CONCLUSION

For the foregoing reasons, Infosys respectfully requests that the Court overrule Plaintiff's objections to Infosys's rebuttal evidence and deny Plaintiff's request for leave to file a sur-reply.

Dated: August 18, 2026.

FAEGRE DRINKER BIDDLE & REATH LLP

By: */s/ Susan P. Elgin*
Leah S. Chrisbacher
Susan P. Elgin (*Pro Hac Vice*)

Attorneys for Defendant Infosys Limited

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on August 18, 2026 via ECF Notification.

*/s/ Susan P. Elgin*
SUSAN P. ELGIN